UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>HERBERT LAWRENCE JENKINS, )<br>)<br>Defendant )<br>)<br>_____) | Criminal No. 14-40018-TSH |

## ORDER ON MOTIONS

May 29, 2014

Hennessy, M.J.

Before the Court are two motions: a motion by Defendant Herbert Lawrence Jenkins to reconsider the Court's prior order of detention (Docket #24), and a motion by the United States for an enlargement of time to respond to the motion to reconsider (Docket #31). For the reasons stated herein, the motion to reconsider is denied without prejudice to refile. The motion for an enlargement of time is denied as moot.

Defendant Herbert Lawrence Jenkins ("Jenkins") is charged in an indictment with Transferring Obscene Materials to a Minor, in violation of 18 U.S.C. § 1470. Jenkins was arraigned on May 13, 2014. At that time, Jenkins filed a motion to reconsider the Court's order of detention, which, on the basis of a criminal complaint and other evidence, had been entered on April 15, 2014.

The motion to reconsider alleged that Jenkins had retained an expert, Dr. Fabian Saleh, a psychiatrist, who had interviewed Jenkins and prepared a report and diagnosis of him. Largely,

if not exclusively, on the basis of Dr. Saleh's report, Jenkins moved that the Court reconsider its order of detention. Jenkins permitted the United States to look at the report before the arraignment and then took back its copy.

Because Dr. Saleh's report contained sensitive information, Jenkins filed a motion to seal the report, to which the government assented. The Court allowed the motion on May 15, 2014. A joint protective order, allowing the government access to Dr. Saleh's sealed report was entered on May 20, 2014. On that same date, the attorney for the United States emailed defense counsel asking for a copy of Dr. Saleh's sealed report and inquiring whether defense counsel would oppose a request for an extension of time to respond to the motion for reconsideration until two weeks after the United States received the report.[1] Defense counsel did not respond. On May 27, 2014, the United States filed the motion for an enlargement of time to respond to the motion to reconsider.

On May 28, 2014, Jenkins filed an opposition to the motion for an enlargement of time. In the motion, Jenkins stated that the United States never requested a copy of Dr. Saleh's sealed report from either the Court or defense counsel. Jenkins indicated that he had no objection to allowing the United States until May 30, 2014 to file a response. The Government was sent a copy of Dr. Saleh's sealed report by email that same day.

Pursuant to Local Rule 7.1(C), "All papers filed pursuant to [the submission of a motion] shall be served unless the moving party indicates in writing on the face of the motion that ex parte consideration is requested." As there was no request for ex parte consideration of the motion to reconsider, Jenkins was required to serve the motion to reconsider and all exhibits, including Dr. Saleh's sealed report, on the United States. The responsibility for service lies with

---

[1] At a hearing on the motions held on May 29, 2014, defense counsel denied receiving this email. Defense counsel later notified the Court that, after a review of his emails for May 20, 2014, he had located the subject email which he had initially overlooked. He apologized to the Court and opposing counsel for the error.

the moving party, not the Court. Because Jenkins has failed to properly serve the motion and its exhibits on the United States, the Court will deny the motion to reconsider without prejudice with leave to refile. The Court's denial of the motion to reconsider renders the motion for an enlargement of time to respond to that motion moot; therefore, it shall be denied.[2]

                                              / s / David H. Hennessy
                                              David H. Hennessy
                                              United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any position thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).